UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID A. LUFKIN, SR.,<br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.<br>d/b/a CAPITAL ONE & CAPITAL ONE<br>SERVICES, LLC., CHASE BANK USA, N.A.<br>d/b/a AMAZON.COM/CHASE, and<br>DISCOVER CARD,<br>    Defendants. | )<br>)<br>)<br>)  No. 3:10-CV-18<br>)  (Phillips)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff has brought this action against defendants seeking recovery for damages plaintiff purportedly sustained after each defendant allegedly reported plaintiff's credit card accounts as delinquent to a consumer credit reporting agency. Plaintiff has asserted claims of fraud, defamation, breach of contract, violation of the Tennessee Consumer Protection Act, violation of the Tennessee Credit Services Business Act, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection Practices Act. Defendants have moved the court for dismissal of all claims asserted in plaintiff's amended complaint.

## I. Background

Plaintiff's amended complaint contends that all three defendants improperly reported plaintiff's credit card accounts as delinquent, causing plaintiff's credit score to decline and thereby preventing plaintiff's refinancing of certain real estate loans. Plaintiff alleges that the defendants had been told by plaintiff that the proceeds of plaintiff's upcoming refinancing transaction would be used to bring plaintiff's credit card balances current, but defendants reported plaintiff's accounts as delinquent anyway. Plaintiff further alleges that he sent all three defendants written letters of protest regarding his credit card accounts and that none of the defendants responded to the written letters of protest. Plaintiff complains that defendants reported his accounts as delinquent and continued to pursue collection despite the existence of his letters of protest, in violation of his federally mandated billing rights and the contracts between the parties.

Defendants respond that at all times, plaintiff's minimum payment amounts were correctly calculated. Defendants state that plaintiff's minimum payments increased each month because (1) plaintiff's APR had increased to the default rate, (2) plaintiff's account balances each month exceeded his credit limit, and (3) plaintiff failed to make the minimum payments on his account, which were carried over from month to month. Defendants assert that at no time did any defendant report any false or incorrect information regarding plaintiff's accounts to any credit reporting agencies. Defendants reported plaintiff's delinquent account status after plaintiff's accounts had remained in default and plaintiff had not made any payments for a number of months.

Defendants further point out that plaintiff's affidavit filed in this case does not establish that the credit information reported to the credit reporting agencies was false or inaccurate. Defendants assert that plaintiff never had any actual question about his accounts, but contend that his sole reason for contesting the minimum payments was to prohibit the defendants from reporting his accounts as delinquent to the credit reporting agencies, thus hoping to avoid an adverse effect on his credit score. Defendants also aver that according to plaintiff's July 2009 credit report, other accounts were reported delinquent, some accounts were closed, the balances on most accounts grew and most accounts surpassed the credit limit or were near the credit limit. Thus, defendants aver that plaintiff cannot show that defendants' reporting of his accounts as delinquent caused the refinancing of his real estate loan to collapse.

## II. Standard for Motion to Dismiss

Defendants move for dismissal of plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, "[a]lthough the factual allegations in a complaint need not be detailed, they must do more than create speculation

or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In other words, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

### III. Plaintiff's State Law Claims are Preempted by the Fair Credit Reporting Act

Defendants argue that plaintiff's state law claims are preempted by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* The FCRA was enacted to regulate credit reports, provide guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provide protection to consumers. *See Ruggiero v. Kavlich*, 411 F.Supp.2d 734, 736 (N.D.Ohio 2005). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Carney v. Experian Information Solutions, Inc.*, 57 F.Supp.2d 496, 500 (W.D.Tenn. 1999). The FCRA requires furnishers of credit information to provide accurate information and to investigate upon

receiving notice of a dispute from a credit reporting agency. See 15 U.S.C. § 1681s-2(a)(b). Plaintiff's claims all stem from the defendants' alleged failure to provide accurate information to the credit reporting agencies as required by 15 U.S.C. § 1681s-2(a).

The FCRA also contains two preemption provisions, each of which limit a plaintiff's ability to assert state law claims based on a defendant's furnishing of information to a credit reporting agency. The first, contained in § 1681(h)(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). The second preemption provision of the FCRA was subsequently enacted by Congress in connection with the Consumer Credit Reporting Reform Act of 1996. Section 1681t(b)(1)(F) provides that "no requirement or prohibition may be imposed under the laws of any state . . . with respect to the subject matter regulated under § 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."

The majority of courts have found that § 1681t(b)(1)(F) applies to preempt both statutory and common law claims under state law that are based on allegations

5

involving a subject matter regulated under the FCRA. In *Westbrooks v. Fifth Third Bank*, the District Court for the Middle District of Tennessee found that "all state claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)(1)(F) if they involve a subject matter regulated under § 1681s-2. *Id.*, 2005 WL 3240614 (M.D.Tenn. Nov. 30, 2000). *See also Davis v. Maryland Bank,* 2002 WL 32713429 (N.D.Cal. Jun. 19, 2002) (observing that the majority of district courts have held that the FCRA preempts both state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2(1)); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 787 (W.D.Ky, 2003) (holding that even if willfulness was sufficiently pled so as to survive § 1681h(e) preemption, plaintiff's claims may nevertheless be preempted under § 1681t(b)(1)(F) if they "involve a subject matter regulated under § 1681s-2, which § 1681t(b)(1)(F) preempts"); *Premium Mtg. Corp v. Equifax*, 583 F.3d 103, 106 (2nd Cir. 2009) (affirming the District Court's dismissal of plaintiff's state common law claims on the ground that they were preempted under § 1681t(b)(1)(F); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356 (E.D.Pa. 2001) ("It is clear from the face of §1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies"). Although some courts have adopted a different approach, finding that preemption of state common law tort claims relating to the furnishing of credit information should be analyzed under § 1681h(e) and state statutory claims relating to the furnishing of credit information should be analyzed under § 1681t(b)(1)(F), the court finds

that the better approach is the majority approach expressed in *Westbrooks* and the cases cited above.

Here, plaintiff's state law claims for fraud, defamation, breach of contract, violation of the Tennessee Consumer Protection Act, and violation of the Tennessee Credit Services Business Act are based entirely upon conduct that is regulated under §1681s-2, that is, defendants' alleged improper reporting of plaintiff's credit information and subsequent handling of plaintiff's account during the pendency of an alleged dispute. Because plaintiff's allegations relate directly to the duties and responsibilities of furnishers of information to a consumer reporting agency, plaintiff's state law claims are preempted under §§ 1681t(b)(1)(F) and 1681h(e).

### IV. Plaintiff has Failed to State a Claim Under the Fair Credit Reporting Act

Plaintiff's amended complaint also fails to state the requirements for a claim under the FCRA. The Act provides specific steps, and timeframes, for investigating and correcting any disputed credit information when the information is being disputed by a consumer. *See* 15 U.S.C. § 1681i. The FCRA imposes two primary duties on entities that furnish information to credit reporting agencies. First, they have a duty to provide accurate information. 15 U.S.C. § 1681s-2(a). Second, they have a duty to investigate upon receiving notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b); *Downs v. Clayton Homes Inc.,* 88 Fed.Appx. 851, 852 (6th Cir. 2004). It is well established that "the duties imposed by subsection (a) can only be enforced by government agencies

and officials." *See Westbrooks*, 2005 WL 3240614, *3. There is no private right of action under this section of the FCRA.

However, "unlike § 1681s-2(a), courts have found that a private right of action exists under § 1682s-2(b)." *Id.; see also Downs.*, 88 Fed. Appx. 851 (6th Cir. 2004); *Nelson v. Chase Manhattan Mtg Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002); *Young v. Equifax Credit Info. Servs. Inc.,* 294 F.3d 631, 639 (5th Cir. 2002); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 783 (W.D.Ky. 2003); *Zager v. Downs*, 2005 WL 2008432 (W.D.Tenn. Aug. 16, 2005). However, liability under § 1681s-2(b) is only imposed on a furnisher of credit information after it receives notice of a dispute pursuant to § 1681i(a)(2). The explicit language of § 1681i(a)(2), requires an individual, like plaintiff, to give notice to a credit reporting agency, not directly to the bank. *See Downs*, 88 Fed. Appx. at 853; *Stafford*, 262 F.Supp.2d at 784; *Westbrooks*, 2005 WL 3240614 at *4 (stating that "unless a credit reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information under the statute, even if the individual has apprised the furnisher of information of the dispute").

Here, plaintiff does not allege and he has presented no facts to show that he reported the alleged mistakes to a credit reporting agency as required by § 1681i(a)(2). Instead, he admits to have disputed the information directly with the defendants. As a result, he has not complied with the requirements of §§ 1681s-2(b) and 1681i(a)(2) requiring that any dispute to credit information be made to a credit reporting agency.

Because of his failure to comply with the statutory requirements relating to disputes, plaintiff has not stated a claim for improper credit reporting under the FCRA. Accordingly, the court finds that plaintiff's claims under the FCRA will be dismissed.

## V. Plaintiff has Failed to State a Claim under the Fair Debt Collection Practices Act

Plaintiff also purports to assert a cause of action against defendants under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692. The FDCPA's regulation of debt collection practices is limited to "debt collectors." See 15 U.S.C. § 1692k(a). A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Thus, the FDCPA regulates third party debt collectors who participate in debt collection practices on behalf of creditors, rather than the creditor to whom the debt is owed. The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A); see also § 1692(a)(4) (defining "creditor" as " any person who offers or extends credit creating a debt or to whom a debt is owed . . ."). The Sixth Circuit has observed that "the legislative history of § 1692(a)(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . ." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).

Here, each of defendants is a "creditor" of plaintiff. Because the defendants are not debt collectors under the meaning of the Act, plaintiff cannot maintain a claim against them under the FDCPA, and his claims for violation of the FDCPA will be dismissed.

## V. Conclusion

For the reasons stated above, the defendants' motions to dismiss [Docs. 7, 9, 15, 18, 23] are **GRANTED**, and this action is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE.**

Any remaining motions are **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge